# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           )
                             )
        v.                   )        ID No.        2001003393
                             )
RAFAEL MEJIA-SALGADO,        )
                             )
        Defendant.           )

## ORDER

On this 23rd day of April, 2024, upon consideration of Defendant Rafael Mejia-Salgado's ("Defendant") Motion for Sentence Reduction made pursuant to Superior Court Rule of Criminal Procedure 35(b) (the "Motion"), the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On May 29, 2023, Defendant pled guilty to Sexual Abuse of a Child by a Person in a Position of Trust, Authority or Supervision (Class B Violent Felony).[1] On October 20, 2023, the Court sentenced him to twenty-five years of Level V supervision, suspended after twenty years for two years of Level III supervision.[2]

2. On January 18, 2024, Defendant filed the instant Motion, in which he asks the Court to reduce his sentence to ten years of Level V supervision, or else no more than fifteen years of unsuspended Level V supervision.

---

[1] D.I. 9.
[2] D.I. 11.

3. Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." A timely, non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[3] Defendant's Motion was made within ninety days after he was sentenced and is his first motion to reduce that sentence, so it is timely and non-repetitive.

4. With the procedural requirements satisfied, Defendant bears the burden to establish just cause for sentence reduction. Upon a procedurally sound motion for sentence reduction, the Court has "broad discretion to decide if it should alter its judgment."[4] "A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and *timely* Rule 35(b) motion is made."[5]

5. In this case, the minimum mandatory sentence for the offense was ten years of Level V supervision. After considering a victim impact statement,[6] the record in the case, and the mitigating and aggravating factors, the Court imposed a sentence that begins with twenty years of unsuspended Level V time.

---

[3] *State v. Panaro*, 2022 WL 4362929, at *1 (Del. Super. Sept. 20, 2022) (quoting *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002)).
[4] *State v. Cruz*, 2015 WL 3429939, at *2 (Del. Super. May 26, 2015).
[5] *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. 2014).
[6] The victim impact statement described a lengthy, disturbing sequence of incidents of abuse by Defendant that began when the victim was five years old and irreversibly altered the trajectory of her life. *See* Mot. Sentence Reduction Ex. A at 2:22-15:16.

6. In the instant Motion, Defendant asks the Court to "reexamine the aggravating and mitigating factors present in his case and grant him some degree of leniency" by reducing his sentence.

7. First, Defendant argues that the following mitigating factors justify sentence reduction: (1) Defendant is a first-time offender; (2) Defendant accepted responsibility for his criminal conduct; and (3) Defendant will likely be taken into the custody of federal immigration officers and face deportation proceedings upon the conclusion of his Level V sentence. Defendant raised these arguments at the sentencing hearing,[7] and the Court considered them before finalizing a sentence determination.[8] Defendant has not stated just cause for the Court to modify its analysis of those mitigating factors and associated arguments described at the sentencing hearing. Given the seriousness of the abuse in this case, the mitigating factors do not warrant a sentence lesser than the one already imposed.

8. Next, Defendant argues that the Court should not have considered the victim's vulnerability and age as aggravating factors for sentencing in this case. The offense to which Defendant pled guilty applies when the victim was less than sixteen

---

[7] *Id.* at 19:18-20:12 ("Moving on to mitigating factors, the State is correct, Mr. Mejia-Salgado has no prior convictions. He did accept responsibility. . . . Once he is released from prison after whatever sentence the Court imposes, he will be facing deportation proceedings, so the punishment is going to exceed what this Court imposes regardless of what this Court imposes.").
[8] *See id.* at 24:20-22 ("I do note that there are mitigators: No known prior record and early acceptance of responsibility.").

3

years old at the time of the abuse.[9]  Defendant argues that age is redundant as an aggravating factor in this case because all victims of this type of offense are under age sixteen at the time of the offense.  Further, Defendant argues that all victims under age sixteen are inherently vulnerable, such that vulnerability is also redundant as an aggravating factor.

9.  Defendant raised these arguments against the aggravating factors at the sentencing hearing,[10] and the Court considered them before finalizing a sentence determination.[11]  The sentencing judge acknowledged Defendant's argument that the gravity of the offense was "baked in to the consideration in [the legislature's] doubling" the penalty for that offense.  However, the sentencing judge responded that he "did not think that by itself carries the day" and emphasized "the vulnerability of the victim, betrayal of that victim's trust."[12]  Clarifying the Court's analysis of the aggravating factors, the sentencing judge noted that this case concerns the abuse of a child victim perpetrated by a figure of parental authority and trust in the home,

---

[9] *See* 11 *Del. C.* § 778.

[10] Mot. Sentence Reduction Ex. A at 21:21-22:13 ("The aggravators related to the age of [the victim], the vulnerability of the victim, offense against a child, et cetera, those are also aggravators that have already been cooked in to the offense for which Mr. Mejia-Salgado has pled guilty and the mandatory sentence. . . . Because of the nature of this crime and the age of any victim of this crime, the legislature has already baked that in to the minimum mandatory by doubling the high end of the presumptive sentence and increasing the minimum mandatory by a degree of five.").

[11] *Id.* at 26:11-16 ("That being said, this is the sentence of the Court considering those aggravators . . . .").

[12] *Id.* at 25:11-22.

4

"someone that they call a father."[13] The judge found that the "level of fear" inflicted upon the victim, based on the victim's knowledge that she would be "not once, but multiple times, victimized sexually," warranted consideration.[14] Further, the judge called attention to the victim's indications that the abuse had "shaped" the trajectory of her life, in part due to her young age at the time of the abuse.[15]

10. Ultimately, the Court found that "the nature of this offense warrants more than the ten-year minimum mandatory, and the circumstances surrounding it warrant more than the ten-year minimum mandatory, and to give it the ten-year minimum mandatory would . . . depreciate the offense."[16] As with the mitigating factors, Defendant has not stated just cause for the Court to modify its analysis of the aggravating factors and associated arguments described at the sentencing hearing. The seriousness of the abuse in this case, as illustrated by the Court's analysis of the aggravating factors, do not warrant a sentence lesser than the one already imposed.

11. Even assuming, *arguendo*, that all victims of the type of offense in this case are inherently vulnerable and under age sixteen at the time of the abuse, these aggravating factors still warrant consideration. The pertinent issue is one of degree: Even when all victims of a certain type of offense were under a threshold age, some

---

[13] *Id.* at 25:23-26:1.
[14] *Id.* at 26:1-5.
[15] *Id.* at 26:6-10.
[16] *Id.* at 25:5-10.

victims of that offense were *especially* vulnerable and *especially* young at the time of the offense. Accordingly, here, the aggravating factors of the victim's vulnerability and age deserve close attention.

12. After reviewing the Motion, sentence, and record in this case, the Court finds no just cause for sentence reduction. Defendant's sentence is appropriate for the foregoing reasons and all the reasons stated at the sentencing hearing. Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

6